Diallo v. Barr

BIA
A095 837 900

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty.

PRESENT:
        JON O. NEWMAN,
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
            *Circuit Judges.*
_____

ABDOULAYE DIALLO,
        *Petitioner,*

        v.                                          18-1189
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Abdoulaye Diallo, pro se,
                         Brooklyn, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Anthony C. Payne,
                         Assistant Director; Colette J.
                         Winston, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Abdoulaye Diallo, a native and citizen of Guinea, seeks review of an April 6, 2018, decision of the BIA denying his motion to reopen. *In re Abdoulaye Diallo,* No. A095 837 900 (B.I.A. April 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review a denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review its factual findings under the substantial evidence standard. *Id.* at 169.

An alien seeking to reopen may file one motion to reopen no later than 90 days after the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, the time limitation does not apply if the motion is filed in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal

has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). It is undisputed that Diallo's motion was time barred because he filed it 13 years after his removal order.

The BIA did not err in finding that Diallo failed to establish a material change in conditions in Guinea as needed to excuse the time limitation. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, the evidence demonstrates that political and ethnic tensions in Guinea have existed since Diallo's 2003 hearing. *Id.* at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions."); *In re J-J-*, 21 I. & N. Dec. 976, 981 (BIA 1997) (alien seeking reopening based on changed country conditions must show that the change

3

will materially affect the basis of his asylum claim). Diallo's assertion that he joined a new political party is insufficient to excuse his untimely filing. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir. 2006) (holding that changed personal circumstances do not fall within the changed country conditions exception to reopening).

Further, the BIA did not err in declining to credit Diallo's and his wife's statements that he had changed his political affiliation and been detained and assaulted on account of that change. The BIA reasonably relied on the underlying determination that Diallo was not credible as to a prior claim that he was detained and tortured as a member of a different political group (the party now in power in Guinea), and we generally defer to the weight that the agency gives to statements, particularly those of interested parties. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147– 49 (2d Cir. 2007) (holding that the agency may decline to credit uncorroborated individualized evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding); *Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency's decisions

4

regarding the weight of evidence and finding no error in decision not to credit spouse's letter from China).

Because the BIA reasonably concluded that Diallo failed to demonstrate a material change in conditions in Guinea, it did not abuse its discretion in denying his motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5